UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ROLLINS, | : |
| | : Civil Action No. 16-CV-4542 (PGS) |
| Plaintiff, | : |
| | : |
| v. | : MEMORANDUM OPINION |
| | : |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, | : |
| | : |
| Defendants. | : |

This matter comes before the Court upon Plaintiff David Rollins' ("Plaintiff") motion to file a second amended complaint (Docket Entry No. 16) against Defendants National Railroad Passenger Corporation d/b/a Amtrak ("Defendant"). No opposition was filed. The Court has fully reviewed and considered all arguments made in support of Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to file a second amended complaint is GRANTED.

**I.   Background and Procedural History**

This case arises out of an incident in which Plaintiff, a former employee of Defendant, claims he was unlawfully terminated from his employment with Defendant because (1) "he was perceived as being disabled with a mental disability that impairs his work ability"; and (2) "because he exercised his right to family medical leave under federal and state law." (Pl.'s Compl. at ¶20). Plaintiff was a 23 year employee of Defendant, serving in a supervisory capacity for at least 10 years. (*Id*. at ¶8).

On July 27, 2016, Plaintiff filed a complaint against Defendant alleging violations of the Family Medical Leave Act of 1993, the Americans with Disabilities Act of 1990, and the New

Jersey Law Against Discrimination. (Docket Entry No. 1). Plaintiff filed an amended complaint on July 28, 2016. (Docket Entry No. 4). After receiving additional time to answer, move or otherwise respond to the complaint, Defendant filed an answer to Plaintiff's complaint on September 13, 2016. (Docket Entry No. 11).

Plaintiff filed the instant unopposed motion on November 25, 2016. (Docket Entry No. 17).

### A. Plaintiff's Motion to Amend

Plaintiff seeks to amend his complaint to (1) make a "few minor typographical corrections"; and to (2) replace the "cause of action under the Americans with Disabilities Act … with the Rehabilitation Act." (Pl.'s Mem. of L. in Supp. of Mot. to Am. Compl. at 2). Plaintiff seeks to make this amendment as "[t]he Rehabilitation Act does not require the filing of a pre-suit complaint with the EEOC in light of the issues raised by the defendant in the Initial Case Management Conference." (*Id*.). Plaintiff notes a successful claim under the Rehabilitation Act must be made against a recipient of federal funds (*Id*.). Plaintiff argues that "[t]here is no question here that the defendant, Amtrak, is a recipient of federal funds." (*Id*.). Further, Plaintiff indicates that "paragraph 3 of the applicable Scheduling Order requires '[a]ny motion to join new parties, whether by amended or third-party complaint, must be filed no later than November 25, 2016 and be made returnable on December 19, 2016.'" (Docket Entry No. 16).

Plaintiff argues that allowing the amendment will not prejudice defendants with respect to surprise under a new theory of liability as "the standard for liability under the Rehabilitation Act [is] the same as under the Americans With Disabilities Act." (*Id.*).

In addition, Plaintiff argues that "[l]eave to file an amended complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), and should not be denied unless there is evidence

of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Forman v. Davis*, 371 U.S. 178, 182, 9 L.Ed.22d 222 (1962).  Finally, Plaintiff contends "[u]nder Fed. R. Civ. P. 15(a), a plaintiff may file an amended complaint after an answer has been filed with leave of court. Rule 15 does not prescribe a time for the filing of amendments."

**II.     Analysis**

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Forman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (*Id.*).  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." (*Id*.).

The Court finds that Plaintiff has plead sufficient facts to show that the motion to amend is not futile.  The cause of action was substituted from the Americans with Disabilities Act to the Rehabilitation Act in light of issues raised during the Initial Case Management Conference.  The

Rehabilitation Act prevents "federal agencies and private entities that receive federal funding from discriminating on the basis of disability." *Freed v. CONRAIL*, 201 F.3d 188, 191 (3d Cir. 2000). The Third Circuit has held that "Section 504 [of the Rehabilitation Act] plaintiffs may proceed directly to court without pursuing administrative remedies." (*Id.* at 194). This District Court has previously found that plaintiffs seeking relief under the Americans with Disabilities Act must exhaust administrative remedies before proceeding to court. *Ditzel v. University of Med. & Dentistry*, 962 F.Supp. 595, 602 (D.N.J. 1997). Defendant is a for-profit corporation created by an Act of Congress that is the recipient of federal funding. AMTRAK, ANNUAL REPORT FOR FISCAL YEAR 2015 4 (2015); Fixing America's Surface Transportation Act, Pub. L. No. 114-94, 129 Stat. 1312.

The Court finds that there was no undue delay, bad faith or dilatory motive by Plaintiff. The Plaintiff timely filed the motion to amend on November 25, 2016. Additionally, the standard of review for determining liability under the Americans with Disabilities Act and the Rehabilitation Act are identical. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 275 (3d Cir. 2014). Further, Plaintiff did not act in bad faith or with dilatory motive by filing the present motion to amend the cause of action from the Americans with Disabilities Act to the Rehabilitation Act.

### III. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Amend is GRANTED. An appropriate Order follows.

Dated: March 6, 2017

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**