UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ROLLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>　　　　Defendant. | Civil Action No. 16-4542 (PGS)<br><br>**CLERK'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TAX COSTS** |

　　　　This matter has come before the Clerk on the unopposed motion [Dkt. Entry 104] of Defendant National Railroad Passenger Corporation, d/b/a Amtrak ("Defendant," "Amtrak") to tax costs against Plaintiff David Rollins ("Plaintiff," "Rollins") pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.

　　　　Plaintiff originally filed this wrongful termination suit against Amtrak, his former long-term employer, on July 27, 2016. [Dkt. Entry 1]. Rollins twice amended his complaint [Dkt. Entries 4, 25] and his Second Amended Complaint stated claims under: the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.; the New Jersey Family Leave Act ("NJFLA"), N.J.S.A. 34:11B-1 et seq.; the Rehabilitation Act of 1973 (Rehabilitation Act"), 29 U.S.C. § 794; and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq.

　　　　Rollins voluntarily dismissed his FMLA and NJFLA claims with prejudice, as reflected in the Court's order of September 5, 2017. [Dkt. Entry 32].

　　　　On December 8, 2017, Amtrak moved for summary judgment of the two remaining counts under the Rehabilitation Act and NJLAD [Dkt. Entry 36], and the Court denied that

motion on September 18, 2018 [Dkt. Entry 42].

In anticipation of trial, the Pretrial Order [Dkt. Entry 51] was entered on February 7, 2019 and the parties filed in limine motions [Dkt. Entries 57, 59] on June 14, 2019.

A jury trial, which occurred on December 3, 5, 9-11, 2019 [Dkt. Entries 94, 96, 98-100], ended in a verdict of no cause in favor of Defendant and against Plaintiff [Dkt. Entry 101]. The Court's judgment, reflecting that verdict and terminating the case, was entered on December 12, 2019. [Dkt. Entry 103].

Within the next 30 days, on January 10, 2010, Amtrak filed the motion to tax costs [Dkt. Entry 104] now before the Clerk. In its bill of costs [Dkt. Entry 104-1], Defendant seeks the costs of: service of subpoena ($84.99); deposition and trial transcripts ($4,670.75); witness fees ($613.89); and copies ($57.77) (misidentified by Amtrak as fees for "printing"); or a total of $5,427.40.

Defendant's notice of motion sets forth a February 3, 2020 return date. Rollins has filed no objections to date, now well past the return date. Therefore, the Clerk considers this motion unopposed.

### I. Legal Standards

Defendant makes this application pursuant to Fed. R. Civ. P. 54(d) (1), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs---other than attorney's fees---should be allowed to the prevailing party." A prevailing party is "one in whose favor a judgment is rendered." Garonzik v. Whitman Diner, 910 F. Supp. 167, 168 (D.N.J.1995).

There is a strong presumption in favor of awarding costs to the prevailing party. Reger v. Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010). However, absent express statutory

authorization or a court order to the contrary, the Clerk may reimburse only the following types of costs enumerated in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Due to this constraint, the Clerk customarily ascertains the taxability under § 1920 of all requested costs, even in the absence of opposition, as in this case. Consequently, a prevailing party's costs "often fall well short of the party's actual litigation expenses." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000).

More recently, the Supreme Court reiterated that § 1920 taxable costs are "limited to relatively minor, incidental expenses," and are "narrow in scope." Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560, 573 (2012) (limiting § 1920 (6) "compensation of interpreters" to oral translation costs, to the exclusion of document translation costs).

Despite the presumption in its favor, the prevailing party must provide sufficient information to carry its burden of showing that the costs sought fall within the limits of § 1920. Romero v. CSX Transp., Inc., 270 F.R.D. 199, 201-02 (D.N.J. 2010).

In addition to Rule 54(d) and 28 U.S.C. § 1920, the Clerk's decision is guided by L. Civ. R. 54.1, our local court rule, which "establishes the general procedures to be followed

in those cases where a party is entitled to recover costs" under § 1920.  Lite, N.J. Federal Practice Rules, Comment 2 to Rule 54.1 (Gann 2020 ed.) at 303.

Amtrak is undoubtedly the prevailing party because this Court granted final judgment in its favor and against Rollins, following the entry of the jury's verdict of no cause.  As such, Defendant enjoys the "venerable presumption that prevailing parties are entitled to costs," Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013).

Furthermore, Defendant has satisfied the requirements in L. Civ. R. 54.1 and 28 U.S.C. § 1924 of timeliness, verification and invoice submittal: this motion was filed within the 30-day time frame set by L. Civ. R. 54.1(a); includes a notice of motion [Dkt. Entry 104]; through her signature of the AO 133 form declaration [Dkt. Entry 104-1], as well as through her Affidavit ("Markey Aff.") [Dkt. Entry 104-2], Defendants' counsel, Nina K. Markey, Esq., has verified that the costs are correct and were necessarily incurred in this action, and the services for which the fees have been charged were actually and necessarily performed; and supporting invoices have been supplied, id. at Exs. A-F.  Accordingly, the Clerk will now examine the taxability of the requested costs in the order in which they fall within § 1920.

## II.     Fees of the Marshal, § 1920 (1)

Pursuant to § 1920 (1), Defendant requests reimbursement of the charge of a private process server, Guaranteed Subpoena Service, Inc., to serve a subpoena duces tecum upon Plaintiff's medical provider, RWJ University Hospital, for Plaintiff's medical records.  Amtrak's counsel explains that the records were necessary to evaluate Rollins' claims of damages. Markey Aff. ¶ 4.

Section 1920 (1) permits costs to be awarded only for "[f]ees of the clerk and marshal," which, pursuant to 28 U.S.C. § 1921, include fees for service of a subpoena or summons to a

witness.  These two provisions, taken together, have been read as allowing the recovery of fees for private process servers.  This interpretation is buttressed by the fact that most service these days is made by private process servers, rather than the marshal.  Our court has adopted this reasoning.  Ricoh Corp. v. Pitney Bowes Inc., Civ. No. 02-5639, 2007 WL 1852553, at *3 (D.N.J. June 26, 2007); Hurley v. Atlantic City Police Dep't, Civ. Nos. 93-260, 94-1122, 1996 WL 549298, at *8 (D.N.J. Sept. 17, 1996).

This requested $84.99 fee consists of a $59.99 service fee and a $25.00 "priority fee." Markey Aff., Ex. B.  While many courts restrict the recovery to the statutory marshal's fees, currently at $65/hr., our local rule contains no such limitation.  However, rush fees must be justified as being warranted, and not a mere convenience.  Defendant here has made no attempt to explain the circumstances surrounding the priority fee.  Accordingly, the Clerk grants just the **$59.99** service fee.

### III. Fees for Printed Transcripts, § 1920 (2)

Pursuant to § 1920 (2), Amtrak requests the $4,670.75 cost of printed transcripts "necessarily obtained for use in the case."  This total represents the cost of transcripts of three depositions ($1,758.10) and trial transcripts ($2,912.65).  Markey Aff., Exs. A, C.

*Deposition Transcripts*

The transcripts at issue cover the depositions of Plaintiff ($1,429.60), Josh Newbold ($135.03) and John Semliatschenko ($193.45).

As for the Rollins' transcript, Amtrak's justification is that "Amtrak used Plaintiff's deposition testimony during Plaintiff's trial testimony multiple times."  Id. ¶ 3.  Regarding the other two transcripts, Defendant explains that "Amtrak used the deposition testimony for all of these witnesses in pretrial proceedings, and all of these witnesses testified at trial."  Id. ¶ 5.

-5-

Having perused the docket, the Clerk is aware of the importance of John Semliatschenko, Plaintiff's supervisor, and Josh Newbold, the assistant day supervisor, to the events underlying Rollins' claims. Both testified at trial as witnesses on behalf of Plaintiff, as well as Defendant. Rollins too testified at trial and the relevance of Plaintiff's transcript is evident. The necessity for Amtrak to have obtained these transcripts is undeniable.

Having found the transcripts to be necessary, the Clerk must still examine the reasonableness of their costs. Fees recoverable under § 1920 (2) customarily include just the ordinary cost of a certified copy or the original plus a copy of the transcript, in addition to the reporter's attendance.

No extraneous fees were charged, in addition to the reasonable cost of $3.95 per page, for the certified copies of the Newbold and Semliatschenko transcripts. They will be taxed at their requested costs of **$135.05** and **$193.45**, respectively.

However, costs requested here for the Rollins transcript include charges for: "Video Streaming Attendance," "Ex. Copying & Scanning-B & W," "Laptop Computer," "Production and Code Compliance," "Interactive Realtime," and "Word Index." Absent a showing of necessity, not made here, such litigation services are considered a convenience to counsel and are routinely denied as being outside the ambit of § 1920. See, e.g., New Jersey Mfrs. Ins. Group v. Electrolux, Inc., Civ. No. 10-1597, 2013 WL 5817161, at **6, 8 (D.N.J. Oct. 21, 2013); Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc., Civ. Nos. 08-6304, 09-2073, 09-1233, 2013 WL 1876441, at *6-7 (D.N.J. Apr. 18, 2013).

Requested costs also include a delivery charge for the Rollins transcript. This Court has specifically held that the costs of delivery are not recoverable under § 1920. Boyadjian v. Cigna

Cos., 994 F. Supp. 278, 281 (D.N.J. 1998) (denying costs of postage because they are not listed in § 1920); Bollitier v. Int'l Bhd. of Teamsters, 735 F. Supp. 623, 629 (D.N.J. 1989) (denying taxation of costs of mailing); Hurley, 1996 WL 549298, at *4 (postage, delivery and messenger services fall under attorney's fees, not § 1920).

Considering the above, the Clerk taxes just the cost of the original Rollins transcript ($722.00) and reporter appearance fee ($60.00), or $782.00, in addition to the costs of the Newbold and Semliatschenko transcripts. Pursuant to § 1920 (2), deposition transcripts are taxed in the total amount of **$1,110.50** ($782.00 + $135.05 + $193.45).

*Trial Transcripts*

Also under § 1920 (2), Amtrak asks for the $2,912.65 cost of daily and hourly trial transcripts. Markey Aff., Ex. D. As justification, Defendant's counsel explains that Amtrak obtained the expedited trial transcripts "in order to prepare for its motion for judgment as a matter of law and its closing arguments, and referred to the trial testimony of Mr. Rollins and trial witnesses (including Sharon Jindal, Andrew Keefe, Josh Newbold, Kathryn Sarnecky, and John Semliatschenko) in its closing argument." Id. ¶ 6.

The costs of daily trial transcripts should not be awarded routinely or in cases where the transcripts were ordered to satisfy counsel's convenience. Several non-exclusive factors considered in the determination of whether to allow such costs are: "1) the complexity of the trial; 2) the length of the trial; 3) the number of counsel present at trial for the prevailing party; 4) whether the parties were required to submit briefs and proposed findings to the court; and 5) the filing of post-trial motions, such as motions for judgment notwithstanding the verdict." Blitz Telecom Consulting, LLC v. Peerless Network, Inc., Case No. 6:14-cv-307, 2016 WL

7325544, at *4 (M.D. Fla. Aug. 31, 2016), report and recommendation adopted, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016) (citing cases, and denying cost of trial transcripts after six-day trial in breach of contract action, where note-taking by counsel would have sufficed, and parties were not required to submit briefs or proposed findings to the court or file motions requiring citation to the trial transcripts).

Applying the above factors to this matter, the Clerk finds that the trial transcripts were actually a convenience to Amtrak's counsel, not a necessity. This was a simple wrongful discharge case, which involved just two counts and a trial with less than three days of testimony. Amtrak's counsel made the motion for a directed verdict after Plaintiff rested, following just a day and a half of testimony. Two attorneys were present on Amtrak's behalf and therefore, note-taking was a realistic alternative to obtaining the trial transcripts. As neither written briefs nor proposed findings were required, it was not necessary for counsel to cite to the trial transcripts. Accordingly, the Clerk denies this cost.

Pursuant to § 1920 (2), the costs of printed transcripts are allowed in the total amount of **$1,110.50**.

## IV. Witness Fees, § 1920 (3)

Amtrak's bill of costs, AO 133 form [Dkt. Entry 104-1], shows two requested costs under the subsection (3) category of "[f]ees and disbursements for printing and witnesses," i.e., the $57.77 cost of printing, and $613.89 in witness fees. The $57.77 cost for copies of Rollins' medical records will be addressed under the subsection below, dealing with the § 1920 (4) allowance for the "costs of making copies," under which it more appropriately belongs. Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 166 (3d. Cir. 2012)

("Indeed, since the advent of photocopying technology, the allowance for fees for 'copies' under § 1920(4) has been relied upon by prevailing parties to recover photocopying costs.").

The requested witness fees cover the cost of the trial attendance on December 9, 2019, in Trenton, NJ, of John Semliatschenko, a Floridian. They include charges for two flight tickets ($268.30, $133.02), one night's lodging ($159.33) and mileage between the witness' hotel in Hamilton, NJ and Newark Liberty Airport ($53.24). Markey Aff., Exs. E, F.

Mr. Semliatschenko did testify at trial on December 9 [Dkt. Entry 98] and most of the costs incident to his attendance are taxable under the applicable legal standards. The taxation of witness fees is controlled by 28 U.S.C. § 1821, as noted in our Local Civil Rule 54.1(g) (1):

> The fees of witnesses for actual and proper attendance shall be allowed, whether such attendance was voluntary or procured by subpoena. The rates for witness fees, mileage and subsistence are fixed by statute (see 28 U.S.C. § 1821). Witness fees and subsistence are taxable only for the reasonable period during which the witness was within the District. Subsistence to the witness under 28 U.S.C. § 1821 is allowable if the distance from the courthouse to the residence of the witness is such that mileage fees would be greater than subsistence fees if the witness were to return to his or her residence from day to day.

Section 1821 of Title 28 provides for the payment of witnesses' fees and allowances for their attendance in federal court. 28 U.S.C. § 1821(a) (1). Subsection (b) therein allows a $40 per day attendance fee, although this was not requested by Amtrak. Subsection (c) provides for: the actual expenses of a common carrier reasonably utilized between the witness' residence and place of attendance, at the most economical rate reasonably available; a mileage allowance for travel by privately owned vehicle, under rates prescribed by the Administrator of General Services ("GSA"); and charges for tolls, parking and taxicabs. Subsection (d) allows for a subsistence fee for a required overnight stay, provided that the per diem rate does not exceed the GSA rate in the area of attendance.

The Clerk finds that all but one of the requested costs fall within the above parameters. Mr. Semliatschenko remained in the district for the minimal amount of time required for his mission. The airfares, which were both economy-class, were reasonable. This witness used a car service, but rather than request that actual cost of $363.90, Amtrak applied the correct GSA mileage rate for December 2019 of $.58/mile to the approximate 93-mile round trip between his hotel and the airport. Just the charge for lodging must be reduced by the Clerk. The requested reimbursement of $159.33 exceeds the applicable GSA rate of $132.00. www.gsa.gov. Deducting that $27.33 difference, witness fees are granted in the amount of ' **$586.56**.

### V.     Costs of Making Copies, § 1920 (4)

Amtrak's last requested cost is that of photocopies of Rollin's medical records, obtained from RWJ University Hospital, through the previously-discussed subpoena duces tecum. Subsection (4) restricts the taxation of copies to those which were "necessarily obtained for use in the case." Defendant's counsel states, Markey Aff. ¶ 4, and the Clerk agrees, that these copies were "necessarily obtained to evaluate Plaintiff's claims of damages and claims that he was discriminated against based on actual or perceived disability under the New Jersey Law Against Discrimination or the Rehabilitation Act."

When records are used to assess a plaintiff's damages or the validity of claims asserted, or are presented at trial, they are "necessarily obtained." See e.g., Kotchman v. State Farm Mut. Auto. Ins, Co., Case No: 8:15-cv-2482, 2017 WL 4124845, at *3 (S.D. Fla. Sept. 18, 2017) (taxing plaintiff's employment and medical records necessarily obtained by defendant to assess plaintiff's alleged claims and damages); Linden v. CNH Am. LLC, No. 3:09-cv-00019, 2011

WL 13164997, at *5 (S.D. Iowa Aug. 10, 2011) (taxing costs of medical, workers' compensation and employment records used in the case).

Pursuant to § 1920 (4), the cost of Plaintiff's medical records obtained by Amtrak are taxed in the amount of **$57.77**.

### VI.    Summary

In sum, based upon the foregoing, the Clerk grants the following costs and denies all other requested costs:

| | |
|---|---|
| Fees of the marshal, § 1920 (1): | $   59.99 |
| Fees for transcripts, § 1920 (2): | $1,110.50 |
| Witness fees, § 1920 (3): | $  586.56 |
| Costs of making copies, § 1920 (4): | $    57.77 |
| **TOTAL:** | **$1,814.82** |

For the reasons set forth above, Defendant's motion to tax costs is hereby granted in part and denied in part, and Judgment is entered in favor of Defendant National Railroad Passenger Corporation, d/b/a Amtrak and against Plaintiff **David Rollins** in the amount of **$1,814.82**.

WILLIAM T. WALSH, CLERK

By:  S/John T. O'Brien
       Deputy Clerk

April 6, 2020